IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randolph Johnson, #215758 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>McKither Bodison, Warden )<br>of Lieber Correctional )<br>Institution, )<br>)<br>Respondent. )<br>) | Civil Action No.8:08-3238-CMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 10.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on September 17, 2008.[1] On December 12, 2008, the respondent moved for summary judgment. By order filed December 15, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 20, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

---

[1] This date reflects that the petition was date stamped as having been received on September 17, 2008, at the Lieber Correction Institution mailroom. (Pet. Attach. 3.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). The undersigned notes that the respondent states that this petition was filed on September 7, 2008, (Resp't's Mem. Supp. Mot. for Summ. J. at 9), and on September 19, 2008 (*Id*. at 1; 7.).

## I. **PROCEDURAL HISTORY**

The petitioner, a state prisoner, is currently incarcerated at the Lieber Correctional Institution. In July 1994, the Berkeley County Grand Jury indicted the petitioner for possession of a firearm during the commission of a violent crime, assault and battery with intent to kill ("ABIK"), assault and battery with intent to kill ("ABIK"), and murder. The petitioner was represented by attorney Percy Beauford. The petitioner was tried October 17-19, 1994, before a jury with the Honorable James E. Lockemy presiding. The jury convicted the petitioner as charged, and Judge Lockemy sentenced the petitioner to life for the murder, fifteen (15) years for each of the ABIK charges, and one (1) year on the possession charge. The ABIK and possession sentences were concurrent with each other but consecutive to the life sentence for murder.

The petitioner filed a timely appeal. Assistant Appellate Defender Lisa T. Gregory represented the petitioner on his appeal. On August 28, 1995, the petitioner filed a final brief in the South Carolina Supreme Court raising the following issues:

> 1. The lower court erred in refusing to instruct the jury on voluntary manslaughter.
>
> 2. The lower court erred in allowing the state to elicit testimony regarding extraneous criminal acts which were not related to the charge for which the appellant was on trial.
>
> 3. The trial court erred in allowing the state to elicit hearsay testimony over the objection of appellant.

(App. 1 at 397.) Following oral argument, on July 1, 1996, the South Carolina Supreme Court affirmed the convictions and sentences in *State v. Johnson*, 476 S.E.2d 681 (S.C. 1996). (App. 1 at 439.) The petitioner filed a petition for rehearing on July 16, 1996, which was denied by on August 15, 1996. The remittitur was sent down on August 15, 1996.

On April 8, 1998, the petitioner filed an application for post-conviction relief ("PCR") on raising the following grounds for relief:

2

      1. Ineffective Assistance of counsel.

      2. Prosecutorial burden shifting.

      3. Trial court Judge not impartial.

(App. 1 at 442.)  On June 8, 1999, the Honorable A. Victor Rawl dismissed the petitioner's PCR application finding it barred by the state PCR statute of limitations.  (App. 1 at 468.) The petitioner filed a letter in response on June 28, 1999. (App. 1 at 472.)   On April 24, 2000, the Honorable Daniel E. Martin withdrew the prior order of dismissal by consent of the parties.  (App. 1 at 474.)

On March 6, 2001, an evidentiary hearing was held before the Honorable Jackson V. Gregory. (App. 1 at 475.)  The petitioner was present and represented by attorney Richard Bybee.   On November 14, 2001, Judge Gregory denied the petitioner PCR and dismissed with prejudice the petitioner's application.  (App. 1 at 507.)

The petitioner filed a timely notice of appeal with the South Carolina Supreme Court. Appellate Defender Eleanor Duffy Cleary represented the petitioner on his PCR appeal. On July 5, 2002, Cleary filed a petition for writ of certiorari raising the following issue: Did the circuit court err in finding that petitioner's trial counsel was not ineffective in failing to object to the repeated references to petitioner's alleged possession of a stolen vehicle? On January 9, 2003, the South Carolina Supreme Court denied the petition for writ of certiorari, and the remittitur was sent down on January 27, 2003.

On May 30, 2003 the petitioner filed a second application for PCR raising the following issues:

> The Applicant contends that in order to properly charge him with the crime of, murder, an indictment must allege the time and place of the assault upon the decease and the time and place of the death of the deceased.

3

> The Applicant contends that the indictment does not satisfy the notice requirements of subject matter jurisdiction set forth in the South Carolina Constitution and statutes.

(App. 2 at 1.) On December 16, 2003, a hearing was held before the Honorable Roger M. Young. (App. 2 at 13.) The petitioner was represented by attorney Michael Coleman. On December 27, 2004, Judge Young filed an order staying the PCR case until the South Carolina Supreme Court resolved an appeal in a different case with the same issue regarding the sufficiency of a murder indictment. On September 16, 2004, the petitioner filed an appeal of the order staying the PCR proceeding. On October 19, 2004, the South Carolina Supreme Court dismissed the appeal because it was untimely and involved an interlocutory order. The remittitur was issued on November 4, 2004.

Following the South Carolina Supreme Court's decision in *Winns v. State*, 611 S.E.2d 901 (S.C. 2005), on April 13, 2005, Judge Young held a telephonic hearing regarding the petitioner's second PCR case. (App. 2 at 42.) On June 13, 2005, Judge Young dismissed the petitioner's second PCR application with prejudice. (App. 2 at 56.) On July 7, 2005, the petitioner filed an appeal with the South Carolina Supreme Court. On July 6, 2005, the petitioner also filed a pro se motion to alter or amend in the Berkeley County Circuit Court, and on July 25, 2005, a motion to appoint counsel. Judge Young denied the latter motion on August 3, 2005. On November 3, 2005, the petitioner then filed a motion to relieve his appellate counsel and remand or hold in abeyance his appeal with the South Carolina Supreme Court. The South Carolina Supreme Court denied this motion on December 14, 2005.

Appellate Defender Robert M. Pachak represented the petitioner in his second PCR appeal. On June 26, 2006, Pachak filed a petition to be relieved as counsel *Johnson* petition for writ of certiorari raising the following issue: Whether the PCR judge's retroactive application of *State v. Gentry* and *Winns v. State* to petitioner's case operated as an ex post

4

facto violation? On August 4, 2006, the petitioner filed a pro se *Johnson* petition for writ of certiorari raising the following issues:

> 1. Whether PCR Judge erred when he ruled that the proximate result claim is controlled by the language of *Winn,* and that they don't have to put in any particular magical language.
>
> 2. Whether ommission from the murder indictment that the victim died as a proximate result of Mr. Johnson action, violate Due Process and releive Mr. Johnson of criminal liability. (sic.)

The case was subsequently transferred to the South Carolina Court of Appeals. On December 17, 2007, the South Carolina Court of Appeals denied the *Johnson* petitions and the remittitur was sent down January 3, 2008.

In this habeas action, the petitioner alleges the following grounds for relief:

> **Ground One:**  Counsel was ineffective for failing to object
>
> **Ground Two:**  The court erred in failing to charge voluntary manslaughter
>
> **Ground Three:**  Ex Post Facto Violation

(Habeas Pet.)

## II.  APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the

disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### III.  **DISCUSSION**

**Statute of Limitations**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was

the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

7

The statute of limitations is tolled for the entire period of the state PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999).

On July 1, 1996, the South Carolina Supreme Court affirmed the petitioner's convictions and sentences in *State v. Johnson*, 476 S.E.2d 681 (S.C. 1996). (PCR App. 439.) The petitioner filed a petition for rehearing on July 16, 1996, which was denied on August 15, 1996. Therefore, the petitioner's conviction became final after the lapse of ninety (90) days on November 13, 1996. See, e.g. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). By the time the petitioner filed for PCR on April 8, 1998, the one-year period statute of limitations for him to file for federal habeas relief had already run.

Moreover, the petitioner is not entitled equitable tolling of the time period. In his response to the respondent's motion for summary judgment, the petitioner argues that he exercised due diligence and he did not act because he was under the presumption that his direct appeal was still being reviewed. (Pet'r's Mem. Opp. Summ. J. at 4.) He alleges his counsel changed her name and left the firm where she had been employed. (*Id.*) He alleges he "had no outlet in which to proceed." (*Id.*) Finally, he states that the AEDPA changed the statute of limitations to one year during this time period. (*Id.* at 5.)

The Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2004). To be entitled to

8

equitable tolling, the petitioner must show that (1) there was an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where -due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, *supra*. Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir.1999). *See also Smaldone,* 273 F.3d at 138 ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires.") Further, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. *Coleman,* 184 F.3d at 402. "[E]quity is not intended for those who sleep on their rights." *See Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999) (*citing Covey v. Arkansas River Co*., 865 F.2d 660, 662 (5th Cir.1989)).

Here, the petitioner did not exercise the reasonable due diligence required for equitable tolling, when he did not check on the status of his appeal for nearly two years after it was decided in July of 1996, and almost three and a half years after the appeal was first filed. *Hunter v. Galaza*, 2007 WL 2265606 at *6 (E.D. Cal. 2007)(petitioner's delay in determining the status of his direct appeal negated any contention that petitioner acted with reasonable diligence)

In any event, even if the court equitably tolled the period when the petitioner's PCRs were pending, this habeas action would still be time barred. The petitioner waited 123 days after the final disposition of his first PCR before he filed his second PCR and 258 days accrued after the final disposition of his second PCR before he filed this habeas action. Thus, even tolling the time during which the petitioner's PCR actions were pending, a total of 381 days had lapsed prior to the filing of this habeas action making it untimely. Accordingly, the petitioner's habeas action is barred from review.

## IV.  CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#10) be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 11, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).